UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                          :        Chapter 7

SCOTT M. CARELS and
JOANN M. CARELS                                :

        Debtors            :        Bankruptcy No. 07-17291bf

................................................

STATEMENT OF REASONS IN SUPPORT OF ORDER

................................................

AND NOW, Christine C. Shubert, Esq., serving as the chapter 7 trustee in the above-captioned case, has filed an objection to the homestead exemptions claimed by the chapter 7 debtors, Scott and Joann Carels, pursuant to Fed. R. Bankr. P. 4003(b). The debtors oppose the objection, asserting that it is untimely and that the chapter 7 trustee raises no valid grounds upon which to object to their homestead exemptions,

And the parties filed a joint stipulation purporting to address all facts material to this contested matter. Ex. J-1,

And the dispute between these parties concerns the status of funds formerly held by the chapter 13 trustee, William C. Miller, Esq., on October 1, 2008, the date that this case was converted from chapter 13 to chapter 7. The vast majority of these funds, approximately $31,000, were transferred to the chapter 7 trustee who now contends that the funds in her possession are part of the chapter 7 bankruptcy estate and available for distribution under 11 U.S.C. § 726. The debtors reply that most of these funds now held by the chapter 7 trustee are not part of the chapter 7 bankruptcy estate and should be paid to them as the proceeds of their homestead exemption under section 522(d)(1),

And these disputed funds are derived from the postpetition sale of the debtors' former residence in July 2008. This sale occurred prior to confirmation of the debtors' chapter 13 plan on September 25, 2008,

And the parties agree that at the time this bankruptcy case commenced on December 12, 2007, the debtors owned the real property located at 2830 Tyler Avenue, Bensalem, Pennsylvania,

And on December 27, 2007, the debtors filed their bankruptcy schedules. These schedules disclosed their ownership of the Bensalem realty, valued by them at about $235,000. These schedules also claimed a federal homestead exemption under section 522(d)(1) in the amount of $40,400. Ex. J-1 (ex. B),

And the chapter 13 trustee held and concluded a first meeting of creditors under section 341(a) on March 5, 2008. See docket entry 3/6/2008,

And by virtue of Fed. R. Bankr. P. 4003(b), a party in interest had 30 days from the conclusion of the meeting of creditors, viz., April 4, 2008, to file objections to the debtors' exemptions. See generally Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992); In re Reilly, 534 F.3d 173, 176 (3d Cir. 2008). No such objections were filed,

And the Bensalem realty was sold in July 2008, and, with the consent of the debtors and the chapter 13 trustee, the proceeds of the sale were used to pay closing costs, the secured claim of the mortgagee, and the claims of two creditors holding liens on the debtors' vehicles, with the remainder—$34,154.03—transferred to the chapter 13 trustee,

And on September 25, 2008, the debtors' third amended plan was confirmed,

2

And on October 1, 2008, the debtors converted this case to chapter 7 pursuant to 11 U.S.C. § 1307(a),

And upon conversion, the chapter 13 trustee paid himself a commission of $3,100 and transferred about $31,000 to the chapter 7 trustee,

And on October 28, 2008, the clerk of court mailed notice of another meeting of creditors under section 341(a), which meeting took place on November 25, 2008,

And on November 17, 2008, the debtors sent notice to the chapter 7 trustee of their contention that all funds in her possession, less $5,001.91, were subject to their homestead exemption. (Objection and Answer, ¶ 17),

And on December 12, 2008 —within 30 days from the November 25th meeting of creditors— the chapter 7 trustee filed the instant objection to the debtors' homestead exemption. She contends that "[t]he Debtors may not claim the Sale Proceeds as Exempt as they were voluntarily paid by the Debtors to the Chapter 13 Trustee and the Plan was confirmed." She further asserts that "[t]he debtors may not claim the sale proceeds as exempt pursuant to the terms of the sale order, the plan and the confirmation order." And, finally, the trustee argues that "[t]he Debtors may not now claim the Sale Proceeds as exempt as it would be inequitable." Objection, Relief Requested ¶¶ A-C,

And the debtors answered this objection by maintaining that the chapter 7 trustee cannot now challenge exemptions claimed by them in December 2007 and not objected to by the April 2008 deadline. They also contend that even if the trustee's objection were timely, the trustee has not raised any grounds to disallow their homestead exemption under section 522(d)(1). (Alternatively, the debtors maintain that certain

3

provisions in their confirmed plan preserved their homestead exemption upon conversion to chapter 7),

And courts are divided as to whether, upon conversion of a chapter 13 case to one under chapter 7, a new exemption objection period arises. Some courts, focusing, inter alia, upon the language of Fed. R. Bankr. P. 1019(2), note that the procedural rule identifies new time periods for certain actions upon conversion to chapter 7, but does not include objections to exemptions. Thus, they conclude that no new objection period is available. See, e.g., In re Rogers, 278 B.R. 201 (Bankr. D. Nev. 2002); see also In re Bell, 225 F.3d 203 (2d Cir. 2000) (considering conversion from chapter 11 to chapter 7); In re Smith, 235 F.3d 472 (9th Cir. 2000) (same); 3 Collier on Bankruptcy, ¶ 348.02[5] (15th ed. rev. 2008).[1] Other courts reach the opposite conclusion by emphasizing that there is a new meeting of creditors when a bankruptcy case is converted to chapter 7, and construing Rule 4003(b) as permitting objections to exemptions within 30 days after any duly held meeting of creditors.[2] See, e.g., In re Campbell, 313 B.R. 313 (B.A.P. 10th Cir. 2004); In re Wiggins, 341 B.R. 501 (M.D. Pa. 2006),

---

[1]Of course, if a debtor were to amend his or her exemptions after conversion to chapter 7 under Rule 1009, Rule 4003(b) expressly provides that objections could be filed within 30 days after the filing of such amendment. Here, the debtors did not amend their exemption claims.

[2]Indeed, the form notice sent to all creditors and the trustee by the court clerk on October 28, 2008, which notified creditors of the post-conversion November 25th section 341(a) meeting, stated that objections to exemptions might be filed within 30 days of the conclusion of that meeting. Moreover, there is a proposed amendment to Bankruptcy Rule 1019 that would, with certain exceptions, create a new exemption objection period upon conversion of a case to chapter 7. That amendment is presently subject to public comment and has not yet been adopted. See http://www.uscourts.gov/rules/newrules6.htm#proposed0809.

And given the nature of the present dispute, I need not resolve this issue. If I assume arguendo that the chapter 7 trustee's objection was timely, she does not contend therein that the homestead exemption provided by section 522(d)(1) was inapplicable to the debtors' interest in the Bensalem realty. By virtue of 11 U.S.C. § 522(l) and Fed. R. Bankr. P. 4003(c), the trustee, as the party objecting to the debtor's exemption claim, has the burden of persuasion,

And 11 U.S.C. § 522 fixes exemptions in property of the estate as of the time of the commencement of a bankruptcy case. See, e.g., In re Marcus, 1 F.3d 1050, 1051 (10th Cir. 1993); In re Peterson, 897 F.2d 935, 937 (8th Cir. 1990) ("'It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition.'. . . We join these courts finding that bankruptcy exemptions are fixed on the date of filing." (quoting In re Friedman, 38 B.R. 275, 276 (Bankr. E.D. Pa.1984) (citing White v. Stump, 266 U.S. 310, 313 (1924); Mansell v. Carroll, 379 F.2d 682, 684 (10th Cir. 1967)),[3]

And property of the bankruptcy estate under section 541(a)(1) includes the debtors' interest in the Bensalem realty as of December 2007. Thus, the debtors' homestead exemption under section 522(d)(1) is determined as of the time of the commencement of their case, and section 348(f) does not alter that result upon conversion to chapter 7. See, e.g., Matter of Sandoval, 103 F.3d 20, 23 (5th Cir. 1997); see also In re Alexander, 236 F.3d 431 (8th Cir. 2001) (debtor could not assert homestead exemption

---

[3] There are exceptions to this principle for property that becomes property of the bankruptcy estate after the bankruptcy case commences. See, e.g., 11 U.S.C. §§ 522(g), 541(a)(5). Such exceptions do not apply in this dispute. Also not germane to this contested matter is whether postpetition property that becomes property of the estate under section 1306(a) can be claimed as exempt upon conversion of the case to chapter 7.

5

upon conversion to chapter 7 when property was not his residence at the time of filing); 7 Norton Bankruptcy Law & Practice, § 148:3 (3d ed. 2009) ("The better reasoned view is that exemptions are determined as of the date the petition in filed.") (footnote omitted). Furthermore, the Bensalem property was indeed the debtor's residence within the meaning of section 522(d)(1). See In re Buick, 237 B.R. 607, 610 (Bankr. W.D. Pa. 1999). Section 522(m) permits a husband and wife in a jointly filed case under section 302 to each claim the homestead exemption. See Augustine v. United States, 675 F.2d 582 (3d Cir. 1982); In re Maloney, 27 B.R. 17 (Bankr. M.D. Pa. 1982). In December 2007, the federal homestead exemption was set at $20,200 per individual,

And therefore, the $40,400 homestead exemption claimed by the debtors on December 27, 2007 was unobjectionable,

And furthermore, having claimed a valid homestead exemption, the debtors' exemption would be applied to the proceeds of the postpetition sale of their residence. See In re Buick, 237 B.R. at 609,

And the real issue posed by this dispute is whether the debtors, either through the order approving the sale of their realty pre-confirmation, or through the confirmation of their chapter 13 plan, relinquished or waived their exemption rights in the proceeds of sale that were tendered to the chapter 13 trustee, such that these proceeds became property of the bankruptcy estate that can be distributed to creditors,

And so, rather than constituting an objection to their homestead exemption claim, the trustee is actually seeking a declaration that the funds transferred to her by the chapter 13 trustee upon conversion of the case, even if validly exempted by the debtors in December 2007, are now property of the bankruptcy estate and available for distribution

under section 726.  See generally In re Mullican, 2008 WL 5191196, at *1 (Bankr. E.D. Tex. 2008); In re Bodkin, 2007 WL 1526730 (Bankr. E.D. Cal. 2007); In re Carter, 260 B.R. 130, 131 (Bankr. W.D. Tenn. 2001),

And Fed. R. Bankr. P. 7001(9) provides that a declaratory judgment concerning an interest in property should be sought by adversary proceeding and not via motion as a contested matter.  See In re Cogliano, 355 B.R. 792, 804-05 (B.A.P. 9th Cir. 2006) (adjudication of exemption objection did not determine whether property was part of the chapter 7 bankruptcy estate, as the latter issue must be resolved by adversary proceeding); see also Airadigm Communications, Inc. v. F.C.C., 372 B.R. 894, 900 (Bankr. W.D. Wis. 2006) (declaratory judgment sought to determine effect of confirmed plan upon secured claims); In re Williams, 249 B.R. 222, 223 (Bankr. D.D.C. 2000) (debtor's motion for payment of exempt property was procedurally improper); cf. In re Mansaray-Ruffin, 530 F.3d 230 (3d Cir. 2008) (when the procedural rules require an adversary proceeding, the bankruptcy court should not have considered the issue resolved by virtue of the plan confirmation process, at least when the affected party did not participate in that process),

And while the debtors here have not expressly raised this procedural issue, nevertheless, given the reasons for their opposition—untimeliness of the trustee's objection as well as a valid section 522(d)(1) exemption—I cannot conclude that they have waived application of Rule 7001 so as to permit a determination of their interest in property held by the chapter 7 trustee.  Compare In re Summit Ventures, Inc., 135 B.R. 483 (Bankr. D. Vt. 1991) (respondent considered to have waived procedural defect).  Moreover, as the outcome of this dispute could conceivably affect the right of the chapter

7

13 trustee to his previously paid commission, see generally 11 U.S.C. §§ 326(c), 726(b), 1326(b)(2), not all parties in interest are parties to this contested matter. Cf. Matter of Perkins, 902 F.2d 1254, 1258 (7th Cir. 1990) (to the extent that a creditor filing a turnover motion is actually seeking a declaratory judgment regarding the scope of property of the estate, such motion is procedurally improper and does not involve all interested parties),

Accordingly, I shall deny the trustee's objection without prejudice to the trustee's right to address, through the proper procedure and with all parties in interest participating, whether the funds in her possession can be distributed pursuant to section 726. Cf. In re Barnes-Duncan, 2007 WL 1385662, at *2 (Bankr. D. Md. 2007) (motion dismissed without prejudice when dispute involves validity of lien and should be considered in the context of an adversary proceeding),[4]

An appropriate order shall be entered, with the expectation that the chapter 7 trustee, the debtors (who sought no affirmative relief in this contested matter), or conceivably the chapter 13 trustee, will initiate an adversary proceeding permitting a

---

[4]Whether the Barnes-Duncan court was correct that an adversary proceeding was required in that case may be debated. See In re Tubman, 364 B.R. 574, 578 n.11 (Bankr. D. Md. 2007):

> In certain instances not applicable here, Federal Rule of Bankruptcy Procedure 7001(9) requires that a declaratory judgment be sought by way of adversary proceeding. Relief from the automatic stay is typically sought by motion as a contested matter pursuant to Federal Rules of Bankruptcy Procedure 4001(a) and 9014. Issues ancillary to a lift stay motion are normally decided within the contested matter. Since Debtor is merely seeking a declaration as to the extent of the termination of the automatic stay, this contested matter is the appropriate context for deciding this issue.

determination of the legal issues involved in this dispute.

*[Signature: Bruce Fox]*
BRUCE FOX
United States Bankruptcy Judge

Dated: March 19, 2009